IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALBERT H. BEAVER, ESQ.,

                    Plaintiff,                                    ORDER

        v.
                                                          11-cv-476-wmc
JENNIFER A. MOELLER, REGISTER
IN PROBATE, CIRCUIT COURT OF
DOOR COUNTY, WISCONSIN,

                    Defendant.

---

In a September 7, 2012 order, this court granted defendant Jennifer Moeller's motion to remand nominal plaintiff Albert Beaver's attempt to remove a state guardianship proceeding, Door County Circuit Court Case No. 1997-GN-1P, which concerned the protective placement of Beaver's adult daughter.  Among other defects in his attempted removal, Beaver was not an actual party to the underlying state guardianship case, but purported to be in his attempt to remove that proceeding to federal court.  On July 22, 2013, the court denied Beaver's motion for reconsideration of that decision and awarded Moeller $2359.99 in attorney fees.  Now before the court are Beaver's second motion for reconsideration of the July 22 order and motion to strike Moeller's brief in opposition.

Addressing Beaver's motion to strike first, there is no reason to grant it.  First, Moeller is generally entitled to respond to Beaver's motions.  Second, Beaver has not provided a persuasive reason to strike any of Moeller's brief.  *Cf.* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or

scandalous matter.").

Beaver's second motion for reconsideration will also be denied.  While Beaver continues to believe that his frivolous attempt at removing this case complied with the rules for doing so, he is simply wrong.  In any case, as the court already explained in its the July 22 order denying Beaver's first motion to reconsider, the removal statue provides that an order "remanding a case to the State Court from which it was removed is not reviewable on appeal *or otherwise*."  28 U.S.C. § 1447(d) (emphasis added).  This includes motions for reconsideration. *New Orleans Pub. Serv. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (collecting cases); *Rice v. Mayflower Transit*, 1995 WL 347957, *1 (N.D. Ill. June 8, 1995).  While Beaver is not barred from seeking reconsideration of the portion of the July 22 order awarding attorney fees, his brief contains *no* discussion of the fees sought, much less a reason for reconsidering the award.

In the future, any motions or other materials Beaver files in this case will be docketed and sent to chambers for review.  If his submissions seem to have some plausible merit, they will be addressed.  If not, they will simply be retained and the court will take no further action on them.  *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).  **In addition, Beaver is warned that he risks additional sanctions, including monetary penalties, should he continue to abuse court resources with any more frivolous filings.** *See Homola*, 59 F.3d at 651; *United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (approving sanctions for litigants who inundate the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

2

ORDER

IT IS ORDERED THAT:

(1) Plaintiff Albert Beaver's motion to strike defendant Jennifer Moeller's brief in opposition to his second motion for reconsideration (dkt. #42) is DENIED.

(2) Plaintiff's motion for reconsideration of the July 22 order in this case (dkt. #37) is DENIED.

(3)  All future motions or other materials filed by plaintiff in this case should be docketed and then forwarded to chambers without judicial action unless the court orders otherwise.

Entered this 16th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge